UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOLLY JARVIS,

                                  **Plaintiff,**

  vs.                                                        5:25-CV-1167
                                                                    (MAD/MJK)

**OFFICER KNAPP, et al.,**

                                  **Defendants.**
_____

APPEARANCES:                                   OF COUNSEL:

**HOLLY JARVIS**
105 Rider Ave #1
Syracuse, New York 13207
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On August 26, 2025, *pro se* Plaintiff Holly Jarvis commenced this action against Defendants Officer Knapp, Officer John Doe, and City of Syracuse Police Department (collectively, "Defendants"), bringing claims for alleged violations of her constitutional rights pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Specifically, Plaintiff brings claims for illegal search, illegal seizure, and excessive force, in violation of the Fourth Amendment, retaliation for protected speech in violation of the First Amendment, and seeks to hold the City of Syracuse Police Department liable pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). *See id.*

      On October 15, 2025, Magistrate Judge Mitchell J. Katz issued a Report-Recommendation and Order ("R&R"), recommending that (1) Plaintiff's claims be dismissed without prejudice and with leave to amend; and (2) the City of Syracuse Police Department be dismissed as a Defendant

1

to this action. Dkt. No. 8 at 16-17. On November 4, 2025, Plaintiff filed objections to the R&R. *See* Dkt. No. 10. Additionally, on November 4, 2024, Plaintiff has filed an amended complaint as of right pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. *See* Dkt. No. 9.[1]

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Court is obligated to "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In general, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotations

---

[1] The amended complaint alters Plaintiff's factual allegations slightly, replaces Defendant Officer Doe with Officer Matthewson, and names the City of Syracuse, instead of the City of Syracuse Police Department, as a Defendant.

and citation omitted). In addition, the court should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had the opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). An opportunity to amend, however, is not required where "the problem with plaintiff's cause of action is substantive such that better pleading will not cure it." *Townsend v. Pep Boys, Manny Moe and Jack*, No. 1:13-CV-293, 2014 WL 4826681, *2 (N.D.N.Y. Sept. 29, 2014) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (internal quotations marks omitted).

     The Court finds that the R&R is subject to clear error review because Plaintiff's objections are general and conclusory. *See* Dkt. No. 10 at 1-2. Indeed, Plaintiff merely states that this Court should reject or modify the R&R because she has sufficiently established claims for violation of her First and Fourth Amendment rights based on the allegations in the complaint. *See id.* Accordingly, the Court reviews the R&R for clear error. *See Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, *2 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999) ("Even affording the objections the liberal reading required for *pro se* pleadings, I find that these objections fail to state any basis whatsoever, much less a specific one, for the court not to adopt the magistrate judge's rulings. They simply re-state the relief sought and the facts on which [the plaintiff] grounds his complaint and conclude that the magistrate judge's conclusions are wrong. When the parties make only frivolous, conclusive, or general objections, the court reviews the report-recommendation for clear error") (collecting cases).[2]

---

[2] To the extent Plaintiff asserts new facts in her objections that were not pleaded in her complaint, such facts were not presented to Magistrate Judge Katz and thus do not compel the Court to conduct a *de novo* review of the R&R. *See Syfert v. City of Rome*, No. 6:17-CV-0578, 2017 WL 5195230, *2 (N.D.N.Y. Nov. 9, 2017) ("[A] district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge

After carefully reviewing the entire record and the relevant filings, the Court discerns no clear error in Magistrate Judge Katz's R&R. Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. Accordingly, the R&R is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following analysis.

The amended complaint appears to be an attempt to correct the deficiencies in the complaint identified by Judge Katz—Plaintiff was entitled to file an amended complaint one time without the opposing parties' written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(1). "It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)). However, the amended complaint must be reviewed to determine whether Plaintiff has corrected the pleading defects identified by Magistrate Judge Katz (and/or if the amended complaint asserts new claims plagued by other pleading defects). Accordingly, the Court will recommit the matter to Judge Katz so he can analyze the claims in the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## IV. CONCLUSION

After carefully considering the R&R, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's R&R (Dkt. No. 8) is **ADOPTED in its entirety**; and the Court further

---

in the first instance") (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994); *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990)).

**ORDERS** that the Clerk of the Court shall **TERMINATE** the City of Syracuse Police Department as a party to this action; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 9) is deemed the operative pleading in this action; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 9) is referred to Magistrate Judge Katz for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e); and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 9, 2025
   Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge