UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HOLLY JARVIS,

                                        **Plaintiff,**

    vs.                                                        **5:25-CV-1167**
                                                                      **(MAD/MJK)**

OFFICER KNAPP and OFFICER
MATTHESON,

                                        **Defendants.**

APPEARANCES:                                    OF COUNSEL:

HOLLY JARVIS
Syracuse, New York 13207
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action *pro se* on August 26, 2025, bringing claims for violations of her constitutional rights pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff's original complaint alleged claims for unlawful search, unlawful seizure, and excessive force in violation of the Fourth Amendment, retaliation for protected speech in violation of the First Amendment, and sought to hold the City of Syracuse Police Department liable pursuant to *Monell v. Dept. Of Soc. Servs.*, 436 U.S. 658 (1978). *See id.* These claims were originally brought against Defendants Officer Knapp, an unidentified officer, and the City of Syracuse. *See id.*

On October 15, 2025, Magistrate Judge Mitchell J. Katz issued an Order & Report-Recommendation, which granted Plaintiff's application to proceed *in forma pauperis* and

1

recommended that Plaintiff's claims be dismissed without prejudice and with leave to amend. *See* Dkt. No. 8. Instead of filing objections, Plaintiff filed an amended complaint in response to the October 15, 2025, Order & Report-Recommendation, before this Court had the opportunity to render any decision. *See* Dkt. No. 9.

Magistrate Judge Katz's October 15, 2025, Order & Report-Recommendation was adopted in its entirety by this Court on December 9, 2025, as it pertained to the original complaint. *See* Dkt. No. 11. Additionally, this Court referred Plaintiff's first amended complaint to Magistrate Judge Katz for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e). *See id.* Magistrate Judge Katz subsequently issued a second Order & Report-Recommendation on December 23, 2025 (the "R&R"), recommending that the Court find Plaintiff's unlawful seizure and unlawful search claims survive initial review, and that the Fourth Amendment excessive force, First Amendment retaliation, and *Monell* claims be dismissed without prejudice and with leave to amend. *See* Dkt. No. 12.

On January 13, 2026, Plaintiff filed a second amended complaint, without leave of Court and before the Court issued any decision on the R&R. *See* Dkt. No. 13.[1] Again, no objections were filed. The second amended complaint drops the First Amendment retaliation claim and does not name the City of Syracuse Police Department or the City of Syracuse as Defendants. *See generally id.* Instead, the second amended complaint brings three claims for violation of the Fourth Amendment by Defendants Officer Knapp and Officer Mattheson: (1) unlawful seizure;

---

[1] Plaintiff is reminded that a report-recommendation is not a final order and is not an invitation to file amended pleadings, appeals, or motions. When the assigned magistrate judge issues a report-recommendation, a party may file written objections within fourteen days, *see* Fed. R. Civ. P. 72(b), but may not otherwise challenge or respond to the report-recommendation.

(2) unlawful search; and (3) excessive force. *See id.* In light of special solicitude accorded to *pro se* litigants, the second amended complaint will be treated as the operative complaint.

Although the operative complaint does not to reassert the First Amendment retaliation or *Monell* claims, it does continue to assert Plaintiff's unlawful seizure and unlawful search claims, and it presents a new theory to support Plaintiff's excessive use of force claim. *See id.* [2]

## II. BACKGROUND

The following facts are derived from the operative complaint.[3] On or about January 7, 2025, at approximately 8:00 a.m., Plaintiff was seated and waiting for public transport at a public bus stop near 100 Dudley Street, Syracuse, New York. *See* Dkt. No. 13 at 1. Defendant Knapp "approached Plaintiff and questioned her regarding an alcoholic beverage in the area." *Id.* at 2. After Plaintiff denied ownership of the alcoholic beverage, Defendant Knapp "demanded that Plaintiff produce identification." *Id*. Plaintiff objected, stating Defendant Knapp had no legal authority to demand identification. *See id.* A verbal confrontation ensued. *See id*. Defendant Knapp then placed Plaintiff in handcuffs. *See id.* Plaintiff objected to the detention. *See id*.

---

[2] As the First Amendment retaliation and *Monell* claims have not been reasserted via the second amended complaint, the R&R is moot in regard to such claims.

[3] Confusingly, although Plaintiff's original complaint and first amended complaint contained separately numbered paragraphs as required by Rule 10 of the Federal Rules of Civil Procedure, the second amended complaint has no paragraph numbers. *See* Dkt. Nos. 1, 9, 13. Nevertheless, each factual allegation in the second amended complaint is confined to a separate paragraph—the only thing missing is a paragraph number. *See generally* Dkt. No. 13. To avoid further delay, the Court will accept the second amended complaint despite the lack of separately numbered paragraphs. *See McChesney v. Hogan*, No. 6:08-CV-1290, 2010 WL 1027443, *4 (N.D.N.Y. Feb. 26, 2010), *R&R adopted*, 2010 WL 1037957 (N.D.N.Y. Mar. 18, 2010) ("The salutatory objective to be served by Rule 10 is to permit the formulation of a proper pleading and response. That end can be served in this instance by assuming that the paragraphs outlined in section four of plaintiff's two complaints are separately numbered, beginning with paragraph number one, with defendants responding accordingly in their answers"). For purposes of this Memorandum-Decision and Order, citations to the second amended complaint are to the pagination generated by CM/ECF on the heading of each page, with no paragraph citations.

Defendant Mattheson arrived at the scene and "forcefully shoved Plaintiff into a wall, causing pain, fear, and humiliation." *Id*.  Defendant Knapp then removed Plaintiff's backpack "without a warrant, without consent, and without probable cause, solely to obtain Plaintiff's identity" via opening Plaintiff's mail. *Id*.  Plaintiff was issued a "citation for open container, along with at least one additional charge" and she was "released without arrest." *Id*.  All charges were eventually dismissed, after Plaintiff appeared in court. *See id*. at 3.  Plaintiff requested "preservation and production of any video footage of the encounter." *Id*.

### III. DISCUSSION

**A.    Legal Standards**

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made." 28 U.S.C. § 636(b)(1). However, if a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the district court reviews the recommendations for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, the district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  Pleadings filed by *pro se* litigants must be "liberally construed" by the Court, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), "'to raise the strongest arguments that they suggest'" in order to

4

comply with this standard, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations and emphasis omitted).  For a complete recitation of the standard for legally sufficient pleadings, the parties are referred to the R&R.  *See* Dkt. No. 12 at 4-5.

**B.    Plaintiff's Unlawful Seizure and Unlawful Search Claims**

Plaintiff has not filed any objections to the R&R nor has Plaintiff's second amended complaint changed the operative facts underlying her unlawful seizure and unlawful search claims.  *See* Dkt. No. 13 at 1-3.  As a result, the Court will review the R&R for clear error in regard to these claims.  *See* Dkt. No. 12 at 5-8.

The Court finds no clear error in the R&R.  Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  *See id.*  The Court agrees that the second amended complaint plausibly alleges that Plaintiff was unreasonably seized and was searched without cause.  *See id.*  As a result, the Court adopts the R&R to the extent it recommends that the unlawful search and seizure claims survive initial review.

**C.    Plaintiff's Excessive Use of Force Claim**

Although Plaintiff has not filed objections to the recommendation that her excessive force claim be dismissed, Plaintiff amended her amended complaint to present a new theory of excessive force.  *See* Dkt. No. 13 at 2, 4.  In the first amended complaint, reviewed by Magistrate Judge Katz, Plaintiff asserted a handcuffing-based excessive force claim, stating the handcuffs were applied too tightly, causing pain.  *See* Dkt. No. 9 at 3 ¶2.[4]  In reviewing this claim, Magistrate Judge Katz specifically evaluated non-dispositive factors, such as the injury to the plaintiff's wrists and reasonableness of the handcuff's tightness.  *See* Dkt. No. 12 at 8-9.

---

[4]  Citations to the first amended complaint are to the pagination generated by CM/ECF in the heading of each page, as well as the paragraph number on the relevant page because the first amended complaint begins each section with new paragraph numbers.  *See generally* Dkt. No. 9.

However, in the second amended complaint, Plaintiff now asserts that the alleged excessive force occurred as follows: "[w]hile Plaintiff's hands were restrained, Defendant Mattheson shoved Plaintiff into a wall." Dkt. No. 13 at 4.  There are no allegations related to the tightness of the handcuffs.  Due to the change in operative facts, the standards and factors used by Magistrate Judge Katz in the R&R do not apply for purposes of evaluating the sufficiency of the second amended complaint's excessive force claim.  As a result of the different legal standards, the Court will review the sufficiency of the excessive force claim *de novo*.

Claims that police officers used excessive force are analyzed under the Fourth Amendment's reasonableness standard.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989).  To establish a Fourth Amendment excessive force claim, an individual must demonstrate that the actions of the arresting police officer were objectively unreasonable in light of the surrounding circumstances.  *See Linton v. Zorn*, 135 F.4th 19, 31 (2d Cir. 2025), *cert. granted, opinion rev'd on other grounds*, 146 S. Ct. 926 (2026).  The application of the reasonableness standard in Fourth Amendment excessive force claims "'requires careful attention to the facts and circumstances of each particular case, including' the following three factors:" (1) "'[T]he severity of the crime at issue'"; (2) "'whether the suspect poses an immediate threat to the safety of the officers or others'"; and (3) "'whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Brown v. City of New York*, 798 F.3d 94, 100 (2d Cir. 2015) (quoting *Graham*, 490 U.S. at 396).

Although it is unclear what crime Plaintiff was actually charged with, the alleged crimes precipitating Plaintiff's arrest appear to be far from severe.  *See* Dkt. No. 13 at 2 ("Defendants issue[d] Plaintiff a citation for open container, along with at least one additional charge").  And the second amended complaint contains no facts that suggest Plaintiff presented any threat to the

safety of the officers, nor that she actively resisted arrest or attempted to flee. *See id.* 1-2. Thus, weighing the factors derived from the Supreme Court's decision in *Graham*, the second amended complaint sets forth allegations that are sufficient to support an excessive force claim.

Moreover, to support an excessive force claim, a plaintiff must "also allege that the officers used more than *de minimis* force." *Feliciano v. Thomann*, 747 Fed. Appx. 885, 887, (2nd Cir. 2019). "'Injuries held to be *de minimis* for purposes of defeating excessive force claims include short-term pain, swelling, and bruising,'" although even '[l]ess serious injuries will suffice . . . where the force used was excessive and gratuitous.'" *Santiago v. City of Rochester*, No. 19-CV-6860, 2024 WL 4289600, *10 (W.D.N.Y. Sept. 25, 2024) (quoting *Vazquez v. Curcione*, No. 11-CV-443, 2013 WL 5408858, *4 (W.D.N.Y. Sept. 25, 2013)). Indeed, district courts within the Second Circuit have held that force that merely causes *de minimis* injury can be excessive if "'gratuitous.'" *See Graham v. City of New York*, 928 F.Supp. 2d 610, 618 (E.D.N.Y. 2013) (quoting *Davenport v. Cnty. of Suffolk*, No. 99-CV-3088, 2007 WL 608125, *11 (E.D.N.Y. Feb. 23, 2007)).

Here, Plaintiff alleges that "while Plaintiff's hands were restrained, Defendant Mattheson shoved Plaintiff into a wall[.]" Dkt. No. 13 at 2, 4. Plaintiff only states that the force caused her "pain, fear and humiliation[,]" and no details are provided as to whether any injuries were sustained or if the contact persisted past the shove. *Id.* at 2. Construing the second amended complaint liberally, as the Court must, the allegation that Defendant Mattheson shoved Plaintiff into a wall can reasonably be construed as use of gratuitous force because Defendant Mattheson only arrived on scene after Plaintiff was already handcuffed and detained. *See id.* Thus, the Court finds Plaintiff has plausibly alleged that the force used was objectively unreasonable. Accordingly, the Fourth Amendment excessive force claim may proceed.

## IV. CONCLUSION

After carefully considering the R&R, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's December 23, 2025, Order & Report-Recommendation (Dkt. No. 12) is **ADOPTED AS MODIFIED HEREIN**; and the Court further

**ORDERS** that Plaintiff's Fourth Amendment unlawful seizure, unlawful search, and excessive force claims, as alleged in the second amended complaint (Dkt. No. 13), may proceed; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses for Defendants Knapp and Mattheson and forward the summonses, along with copies of the second amended complaint (Dkt. No. 13), Magistrate Judge Katz's December 23, 2025 Order & Report-Recommendation (Dkt. No. 12), and this Memorandum-Decision and Order, to the United States Marshal for service upon Defendants; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 28, 2026
        Albany, New York

Mae A. D'Agostino
U.S. District Judge